BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
KIRK T, MANHARDT
Acting Director
MICHAEL J. QUINN
Senior Litigation Counsel
JOHN R. KRESSE
John.Kresse@usdoj.gov
Direct 202-598-3811 / Fax 202-514-9163
T. DIETRICH HILL
Trial Attorneys
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, 7th Floor
Box 875, Ben Franklin Station
Washington, DC 20044-0875
*Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cv-01783-ODW-PVC |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN, | |
| Defendants. | |

Plaintiff United States of America ("Plaintiff"), Defendants Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), and Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc. (collectively the "MPT Defendants") (Plaintiff with Alecto Defendants and MPT Defendants, collectively the "Parties") by and through their undersigned counsel, submit this joint status report as ordered by the Court (Doc. No. 26) in light of the bankruptcy filings and consequent automatic stay of this litigation against defendants Sherman/Grayson Hospital, LLC ("Sherman Hospital") and Alecto Healthcare Services LLC ("Alecto") (collectively, "Bankrupt Defendants"). In short, as detailed below, the Parties report that (1) progress is being made in resolving Plaintiff's claims against the MPT Defendants without further litigation, and (2) the ongoing bankruptcy proceedings along with the Alecto Defendants' dispute with their insurer warrants a stay of the litigation between Plaintiff and the Alecto Defendants.

1.     First, unaffected by the bankruptcy filings are the claims by Plaintiff against the MPT Defendants, and they continue to work to resolve their dispute without motion practice, consistent with Plaintiff and MPT Defendants' prior filings with the Court (Doc. Nos. 15, 20, 27). The MPT Defendants' deadline to respond to the complaint has been further extended to September 7, 2023 (Doc. No. 28). If this dispute is resolved – as anticipated – without the need for further litigation, additional time will likely be needed to obtain necessary approvals by the appropriate officials at the Centers for Medicare and Medicaid Services of the Department of Health and Human Services ("CMS") and the Department of Justice.

2.     Second, Plaintiff's claims against the Alecto Defendants are significantly impacted by the Alecto and Sherman Hospital bankruptcies. The Alecto Defendants and the Bankrupt Defendants filed their Answer to the

Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023, and June 23, 2023, respectively, which are pending in two separate cases in the United States Bankruptcy Court for the District of Delaware. Sherman Hospital has identified a purchaser and remains in operation during the bankruptcy. Alecto also continues to operate and seeks to reorganize and emerge from bankruptcy.

3. While those bankruptcies are proceeding, the Parties cannot predict when they will be completed. The required Section 341(a) meeting of creditors for the Sherman Hospital bankruptcy took place on July 19, 2023 and July 26, 2023, and the required Section 341(a) meeting of creditors for the Alecto bankruptcy took place on July 25, 2023 and will be completed on a future date to be set by the United States Trustee.

4. Discovery has not yet begun in this case. On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22). On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23). As a result, a scheduling order has not been issued. Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

5. Plaintiff and the Alecto Defendants agree that much necessary discovery – most importantly from Alecto – cannot occur without permission from the bankruptcy court. Specifically, although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto or Sherman Hospital's documents for conducting business, the bankruptcy stay would not

allow production of Alecto or Sherman Hospital's documents in this litigation before this Court.  Production of documents in the bankruptcies would require hiring attorneys and support staff at substantial expense.  Those expenses would require approval by the bankruptcy court, which at this moment cannot be ensured, and which would erode the bankruptcy estate's assets of Alecto or Sherman Hospital for a potential recovery by Plaintiff.

6.      More importantly, and regardless of the bankruptcies, Alecto Defendants and the Bankruptcy Defendants are involved in an insurance coverage dispute that should be resolved before a Rule 16 conference is held and scheduling order is issued.  On December 5, 2022, the Alecto Defendants tendered the claims that the United States later asserted in the Complaint against the individual defendants to their primary and excess insurance carriers. With cooperation from the United States, Alecto Defendants provided a draft complaint to the primary insurance company for its review and consideration on January 22, 2023.  Despite follow-up from Alecto Defendants with their insurance companies, the primary insurance company did not issue a coverage decision until June 15, 2023.  The coverage letter denied coverage for the claim under the primary policy and under an excess policy issued by the primary insurance company; the other excess policy follows form and the excess carrier will presumably follow the coverage decision. Alecto Defendants disagree with the primary insurance company's decision to deny coverage under any of the policies and are contesting the denial.  This disagreement could result in future mediation among the parties on coverage as well as a potential declaratory judgment action on the coverage decision.  A delay in the scheduling conference and initiating discovery will allow the parties to seek a more favorable outcome on coverage which could ultimately facilitate a resolution of this matter while respecting judicial economy. Moreover, the insurance policies at issue are eroding policies, meaning insurance money spent on defense costs reduces the amount of money available for potential recovery by

Plaintiff.  The Parties believe that a stay pending resolution of the bankruptcies and insurance coverage dispute is the most efficient and economical method to resolve this matter at this time, with quarterly reports to be filed by the parties so the Court can evaluate the progress of the bankruptcy and insurance dispute issues relative to the prosecution and needs of this case.

7.    Plaintiff, however, reserves the right to move to lift any stay of this case by this Court and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States.

8.    Lastly, concerning the MPT Defendants, preparing for and attending a scheduling conference before their deadline to file a motion to dismiss on or before the current September 7, 2023 deadline (and the related briefing) would distract from the Plaintiff and MPT Defendants' efforts to consensually resolve the motion to dismiss.

9.    This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

Dated: July 31, 2023                    UNITED STATES OF AMERICA

                                        By:  */s/ John R. Kresse*
                                            John R. Kresse
                                            Trial Attorney
                                            United States Department of Justice

                                            Attorneys for Plaintiff United States
                                            of America

Dated: July 31, 2023

MICHAEL BEST & FRIEDRICH LLP

By:  */s/ Uttam Dhillon*
Uttam Dhillon (CA Bar No. 131773)

Attorneys for Defendants Olympja Health Care LLC, Alecto Healthcare Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin

Dated: July 31, 2023

KTBS LAW LLP

By:  */s/ Samuel M. Kidder*
Samuel M. Kidder (CA Bar No. 284015)

Attorneys for Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC MPT Operating Partnership, L.P., and Medical Properties Trust, Inc.

## **ATTESTATION**

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 31, 2023

UNITED STATES OF AMERICA

By:  */s/ John R. Kresse*
John R. Kresse
Trial Attorney
United States Department of Justice

Attorneys for Plaintiff United States of America