1  BRIAN M. BOYNTON
   Principal Deputy Assistant Attorney General
2  KIRK T. MANHARDT
   Acting Director
3  MICHAEL J. QUINN
   Senior Litigation Counsel
4  JOHN R. KRESSE
   John.Kresse@usdoj.gov
5  Direct 202-598-3811 / Fax 202-514-9163
   Trial Attorney
6  United States Department of Justice
7  Civil Division, Commercial Litigation Branch
   1100 L Street NW, 7th Floor
8  Box 875, Ben Franklin Station
9  Washington, DC 20044-0875
   *Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN,<br><br>    Defendants. | Case No. 2:23-cv-01783-ODW-PVC<br><br>**JOINT STATUS REPORT CONCERNING CLAIMS AGAINST DEFENDANTS OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES LLC, SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, AND JEREMY REDIN** |

Plaintiff United States of America ("Plaintiff"), Defendants Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), by and through their undersigned counsel, submit this joint status report as ordered by the Court (Doc. No. 30) in light of the Alecto Defendants' insurance coverage dispute and the bankruptcy filings and consequent automatic stay of this litigation against Defendants Sherman/Grayson Hospital, LLC ("Sherman Hospital") and Alecto Healthcare Services LLC ("Alecto") (collectively, "Bankrupt Defendants").

1. With regard to Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc., on October 20, 2023, Plaintiff dismissed its claims, without prejudice, against them (Doc. No. 35).

2. Plaintiff and the Alecto Defendants (collectively, the "Parties") report, as detailed below, that a continued stay of the litigation is warranted because of (1) the Bankrupt Defendants' ongoing bankruptcy proceedings, along with (2) the Alecto Defendants' ongoing dispute with their insurer.

3. With regard to the bankruptcies:

    a. Plaintiff's claims against the Alecto Defendants are significantly impacted by the Alecto and Sherman Hospital bankruptcies. The Alecto Defendants and the Bankrupt Defendants filed their Answer to the Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023, and June 23, 2023, respectively, which are pending in two separate cases in the United States Bankruptcy Court for the District of Delaware. Sherman Hospital has identified a purchaser and remains in operation during the bankruptcy. Alecto also continues to operate and seeks to reorganize and emerge from bankruptcy.

    b. While those bankruptcies continue to proceed, the Parties cannot predict when they will be completed. Since the Parties' previous Joint Status Report of

July 31, 2023 (Doc. No. 29), the bankruptcy proceedings have progressed to the point where:

(1) Alecto's plan for reorganization has been proposed but the form of notice for the solicitation of votes on the plan has not yet been approved, votes on the plan have yet to be solicited, one of the largest creditors has objected to Alecto's designation as a Subchapter V entity, and a hearing to seek bankruptcy court approval of the plan has not yet been set; and

(2) in connection with anticipated sale of Sherman Hospital's assets through the bankruptcy, the proposed purchaser entered into an interim management agreement and is responsible for running the hospital until the sale closes, which may occur in mid to late November; and a settlement between the debtor, purchaser, and Official Committee of Unsecured Creditors has been proposed – which would include the dismissal of the Sherman Hospital bankruptcy, but the settlement has not yet been approved by the bankruptcy court and the sale, which is a condition of any dismissal, has not yet been completed.

4. With regard to discovery in this case:

a. On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22). On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23). As a result, a scheduling order has not been issued. Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

b. The Parties agree that much necessary discovery – most importantly from Alecto – cannot occur without permission from the bankruptcy court. Specifically,

although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto or Sherman Hospital's documents for conducting business, the bankruptcy stay would not allow production of Alecto or Sherman Hospital's documents in this litigation before this Court. Production of documents in the bankruptcies would require hiring attorneys and support staff at substantial expense. Those expenses would require approval by the bankruptcy court, which at this moment cannot be ensured, and which would erode the bankruptcy estate's assets of Alecto or Sherman Hospital for a potential recovery by Plaintiff.

    5. With regard to the insurance coverage issues, Alecto Defendants and the Bankruptcy Defendants are involved in ongoing conversations with their insurance companies about potential insurance coverage for certain of Plaintiff's claims. The Parties agree that the insurance coverage issues should be resolved before a Rule 16 conference is held or scheduling order is issued. On December 5, 2022, the Alecto Defendants tendered the claims that the United States later asserted in the Complaint against the individual defendants to their primary and excess insurance carriers. With cooperation from the United States, Alecto Defendants provided a draft complaint to the primary insurance company for its review and consideration on January 22, 2023. Despite follow-up from Alecto Defendants with their insurance companies, the primary insurance company did not issue a coverage decision until June 15, 2023. The coverage letter denied coverage for the claim under the primary policy and under an excess policy issued by the primary insurance company; the other excess policy follows form and the excess carrier would have presumably followed that coverage decision. Alecto Defendants disagreed with the primary insurance company's decision to deny coverage under any of the policies and contested the denial.

    On October 2, 2023, the primary insurance company agreed to withdraw its declination of coverage, but continues to maintain a full reservation of rights pending its ongoing investigation of the claim. Thus coverage could still

ultimately be denied. Still, this recent development could help facilitate a resolution of this matter without further litigation as the Parties explore the possibility for alternative dispute resolution, which could ultimately facilitate a resolution of this matter while respecting judicial economy. Moreover, the insurance policies at issue are eroding policies, meaning insurance money spent on defense costs reduces the amount of money available for potential recovery by Plaintiff. The Parties believe that continuing the stay pending resolution of the bankruptcies and insurance coverage dispute is the most efficient and economical method to resolve this matter at this time, along with the Parties' continuing to file quarterly reports so the Court can evaluate the progress of the bankruptcy and insurance dispute issues relative to the prosecution and needs of this case.

    6. Plaintiff, however, reserves the right to move to lift any stay of this case by this Court and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States.

    7. This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

Dated: November 7, 2023

UNITED STATES OF AMERICA

By: */s/ John R. Kresse*
    John R. Kresse
    Trial Attorney
    United States Department of Justice

    Attorneys for Plaintiff United States of America

| | |
|---|---|
| Dated: November 7, 2023 | MICHAEL BEST & FRIEDRICH LLP |
| | By: */s/ Evan S. Strassberg* |
| | (CA Bar No. 219336) |
| | Attorneys for Defendants Olympja Health Care LLC, Alecto Healthcare Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin |

### **ATTESTATION**

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

| | |
|---|---|
| Dated: November 7, 2023 | UNITED STATES OF AMERICA |
| | By: */s/ John R. Kresse* |
| | John R. Kresse |
| | Trial Attorney |
| | United States Department of Justice |
| | Attorneys for Plaintiff United States of America |