BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
KIRK T, MANHARDT
Acting Director
MICHAEL J. QUINN
Senior Litigation Counsel
JOHN R. KRESSE
John.Kresse@usdoj.gov
Direct 202-598-3811 / Fax 202-514-9163
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, 7th Floor
Box 875, Ben Franklin Station
Washington, DC 20044-0875
*Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN,<br><br>Defendants. | Case No. 2:23-cv-01783-ODW-PVC<br><br>**JOINT STATUS REPORT CONCERNING CLAIMS AGAINST DEFENDANTS OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES LLC, SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, AND JEREMY REDIN** |

Plaintiff United States of America ("Plaintiff"), Defendants Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), by and through their undersigned counsel, submit this joint status report as ordered by the Court (Doc. No. 30) in light of the Alecto Defendants' insurance coverage dispute and the bankruptcy filings and consequent automatic stay of this litigation against Defendants Sherman/Grayson Hospital, LLC ("Sherman Hospital") and Alecto Healthcare Services LLC ("Alecto") (collectively, the "Bankrupt Defendants").

1. As previously reported, on October 20, 2023, Plaintiff dismissed its claims, without prejudice, against Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc., (Doc. No. 35).

2. Plaintiff and the Alecto Defendants (collectively, the "Parties") report, as detailed below, that a continued stay of the litigation is warranted because of (1) the Bankrupt Defendants' ongoing bankruptcy proceedings, along with (2) the Alecto Defendants' ongoing dispute with their insurer.

3. With regard to the bankruptcies:

   a. Plaintiff's claims against the Alecto Defendants are significantly affected by the Alecto and Sherman Hospital bankruptcies. The Alecto Defendants and the Bankrupt Defendants filed their Answer to the Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023, and June 23, 2023, respectively, which are pending in two separate cases in the United States Bankruptcy Court for the District of Delaware. While the same judge presides over both bankruptcies, the cases have different U.S. trustees, and Alecto filed as a Subchapter V debtor. During bankruptcy, the assets of Sherman Hospital have been sold pursuant to an order of the bankruptcy court and the hospital remains in operation, with a pending motion to settle claims and dismiss the bankruptcy case. Alecto also continues to operate

and is seeking confirmation of a plan to reorganize and emerge from bankruptcy as a going concern.

b.  While those bankruptcy proceedings continue, the Parties cannot predict when they will be completed.  Since the Parties' previous Joint Status Report of November 7, 2023 (Doc. No. 38), the bankruptcy proceedings have progressed to the point where:

(1)  Alecto amended its initial plan for reorganization, and is now seeking approval by the court on a nonconsensual basis, instead of by a solicitation of votes as originally proposed.  In December 2023, the Centers for Medicare & Medicaid Services ("CMS") of the United States Department of Health and Human Services filed a proof of claim in the bankruptcy case that totals $29 million and includes the $12 million in damages the United States seeks in the complaint before this Court.  Alecto may – and reserve the right to – object to the proof of claim filed by CMS and other proofs of claims filed by in the bankruptcy case.  Also, the bankruptcy court denied one of the largest creditor's objection to Alecto's designation as a Subchapter V debtor.  A hearing for approval of the plan is set for March 4-5, 2024; and, the United States and at least one other large creditor are expected to object to the plan on various grounds.  To aid in those objections, the United States and other creditors anticipate requesting discovery from Alecto.  The plan proposes paying creditors' claims less than five percent of amounts asserted in proofs of claim.  Alecto may – and reserves the right to – object to proofs of claims filed in the bankruptcy case which may affect the recovery by creditors.

(2)  The anticipated sale of Sherman Hospital's assets through the bankruptcy was delayed but eventually closed on January 1, 2024.  The purchaser had entered into an interim management agreement in the summer of 2023 and was responsible for running the hospital until the sale closed.  A settlement between Sherman Hospital, the purchaser, and the Official Committee of Unsecured Creditors was proposed in October 2023 – which would include the dismissal of

3

the Sherman Hospital bankruptcy, but the settlement has not yet been approved by the bankruptcy court; the sale, now completed, was a condition of any dismissal. As in the Alecto bankruptcy, CMS filed a proof of claim in the Sherman Hospital bankruptcy for $29 million and includes the $12 million in damages the United States seeks in the complaint before this Court. Sherman Hospital may – and reserves the right to – object to the proof of claim filed by CMS and other proofs of claims filed by in the bankruptcy case. An omnibus hearing is scheduled for February 27, 2024.

    4. With regard to discovery in this case:

        a. On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22). On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23). As a result, a scheduling order has not been issued. Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

        b. The Parties agree that much necessary discovery – most importantly from Alecto – cannot occur without permission from the bankruptcy court. Specifically, although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto's or Sherman Hospital's documents for conducting business, the bankruptcy stay would not allow production of Alecto's or Sherman Hospital's documents in this litigation before this Court. Production of documents in the bankruptcies would require the debtors to incur substantial expense for attorneys and support staff. Those expenses would require approval by the bankruptcy court, which at this moment cannot be ensured, and which would

erode the bankruptcy estate's assets of Alecto or Sherman Hospital for a potential recovery by Plaintiff.

    5. With regard to the insurance coverage issues, the Alecto Defendants and the Bankrupt Defendants are involved in ongoing conversations with their insurance companies about potential insurance coverage for certain of Plaintiff's claims. The Parties agree that, optimally, the insurance coverage issues should be resolved before a Rule 16 conference is held or scheduling order is issued. On December 5, 2022, the Alecto Defendants tendered the claims that the United States later asserted in the Complaint against the individual defendants to their primary and excess insurance carriers. With cooperation from the United States, the Alecto Defendants provided a draft complaint to the primary insurance company for its review and consideration on January 22, 2023.

    Despite follow-up from the Alecto Defendants with their insurance companies, the primary insurance company did not issue a coverage decision until June 15, 2023. The coverage letter denied coverage for the claim under the primary policy and under an excess policy issued by the primary insurance company; the other excess policy follows form and the excess carrier would have presumably followed that coverage decision. The Alecto Defendants disagreed with the primary insurance company's decision to deny coverage under any of the policies and contested the denial.

    On October 2, 2023, the primary insurance company agreed to withdraw its declination of coverage, but continues to maintain a full reservation of rights pending its ongoing investigation of the claim. Thus, coverage could still ultimately be denied.

    With the filing of the $29 million CMS proof of claim in the Alecto bankruptcy, the United States has informed counsel for the Alecto Defendants that the additional $17 million in claims may also be asserted against the individual defendants, and may thus be subject to insurance coverage. The United States is

considering filing an amended complaint in this Court to cover those additional claims. The Alecto Defendants have provided notice of the additional $17 million in claims to its insurance carriers and its insurance carriers are reviewing the notice of additional claims and the potential for coverage under applicable insurance policies.

The developments could help facilitate a resolution of this matter without further litigation as the Parties explore the possibility for alternative dispute resolution, which could ultimately facilitate a resolution of this matter while respecting judicial economy. Moreover, the insurance policies at issue are eroding policies, meaning insurance money spent on defense costs reduces the amount of money available for potential recovery by Plaintiff. The Parties believe that continuing the stay pending resolution of the bankruptcies and insurance coverage dispute is the most efficient and economical method to resolve this matter at this time, along with the Parties' continuing to file quarterly reports so the Court can evaluate the progress of the bankruptcy and insurance dispute issues relative to the prosecution and needs of this case.

6. Plaintiff, however, reserves the right to move to lift any stay of this case by this Court and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States.

7. This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

Dated: February 5, 2024

UNITED STATES OF AMERICA

By: /s/ *John R. Kresse*
    John R. Kresse
    Trial Attorney
    United States Department of Justice

    Attorneys for Plaintiff United States of America

Dated: February 5, 2024

MICHAEL BEST & FRIEDRICH LLP

By: */s/ Evan S. Strassberg*
   (CA Bar No. 219336)

Attorneys for Defendants Olympia Health Care LLC, Alecto Healthcare Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin

### ATTESTATION

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 5, 2024

UNITED STATES OF AMERICA

By: */s/ John R. Kresse*
   John R. Kresse
   Trial Attorney
   United States Department of Justice
   Attorneys for Plaintiff United States of America