BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
KIRK T. MANHARDT
Director
MICHAEL J. QUINN
Senior Litigation Counsel
JOHN R. KRESSE
John.Kresse@usdoj.gov
Direct 202-598-3811 / Fax 202-514-9163
Senior Trial Counsel
Stanton C. McManus
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, 7th Floor
Box 875, Ben Franklin Station
Washington, DC 20044-0875
*Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN,<br><br>Defendants. | Case No. 2:23-cv-01783-ODW-PVC<br><br>**JOINT STATUS REPORT CONCERNING CLAIMS AGAINST DEFENDANTS OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES LLC, SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, AND JEREMY REDIN** |

      Plaintiff United States of America ("Plaintiff"), Defendants Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), by and through their undersigned counsel, submit this joint status report as ordered by the Court (Doc. No. 30) in light of the Alecto Defendants' insurance coverage dispute and the bankruptcy filings and consequent automatic stay of this litigation against Defendants Sherman/Grayson Hospital, LLC ("Sherman Hospital") and Alecto Healthcare Services LLC ("Alecto") (collectively, the "Bankrupt Defendants").

1. As previously reported, on October 20, 2023, Plaintiff dismissed its claims, without prejudice, against Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc., (Doc. No. 35).

2. Plaintiff and the Alecto Defendants (collectively, the "Parties") report, as detailed below, that a continued stay of the litigation is warranted because of (1) the Bankrupt Defendants' ongoing bankruptcy proceedings, along with (2) the Alecto Defendants' ongoing dispute with their insurer.

3. Regarding the bankruptcies:

    a. Plaintiff's claims against the Alecto Defendants are significantly impacted by the Alecto and Sherman Hospital bankruptcies. The Alecto Defendants and the Bankrupt Defendants filed their Answer to the Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023, and June 23, 2023, respectively, which are pending in two separate cases in the United States Bankruptcy Court for the District of Delaware. While the same judge presides over both bankruptcies, the cases have different U.S. trustees, and Alecto filed as a Subchapter V debtor, while Sherman Hospital is a liquidating Chapter 11 debtor. During its bankruptcy, the assets of Sherman Hospital were sold pursuant to an order of the bankruptcy court and the hospital remains in operation, with a pending motion to settle claims

and dismiss the bankruptcy case. Alecto also continues to operate pursuant to its confirmed plan of reorganization, as further described below.

     b. As previously reported, Sherman Hospital's motion to approve a settlement and dismissal of its Chapter 11 case – which was filed in October 2023 and to which multiple objections were filed – remains pending and the Parties cannot predict when Sherman Hospital's bankruptcy will be completed. In the Alecto bankruptcy, its Small Business Debtor's Plan of Reorganization (the "Plan") became effective on April 19, 2024. Under the Plan Alecto will make three years' worth of payments to creditors, to conclude potentially by mid-2027. Based on the Plan, the United States expects that it will receive less than 10% of the amount of its claims in this case. An unsecured creditor's appeal of the order confirming the Plan remains pending, with briefing scheduled to conclude on December 6, 2024. Since the Parties' previous Joint Status Report of August 5, 2024 (Doc. No. 42), there have been further developments in the bankruptcies:

     (1) In the Alecto bankruptcy, the United States and Alecto intend on jointly filing a stipulation to lift the stay of litigation against Alecto to amend the claims against it in this Court, which the Alecto Defendants do not oppose.

     (2) In the Sherman Hospital bankruptcy, the United States and Sherman Hospital jointly filed a stipulation on October 29, 2024, to lift the stay of litigation against Sherman Hospital to amend the claims against it in this Court, which the Alecto Defendants did not oppose.

4. Regarding discovery in this case:

    a. On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22). On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23). As a result, a scheduling order has not been issued. Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect

of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

      b. The Parties agree that necessary discovery – most importantly from Alecto – cannot occur without permission from the bankruptcy court. Specifically, although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto's or Sherman Hospital's documents for conducting business, the bankruptcy stay would not allow production of Alecto's or Sherman Hospital's documents in this litigation before this Court. As stated above, while a stipulation to lift the stay against litigation in the bankruptcies has been filed in the Sherman Hospital bankruptcy and will likely be filed soon in the Alecto bankruptcy, the bankruptcy court has not yet ordered the stays lifted in either case. Additionally, production of documents in the bankruptcies would require the Bankrupt Defendants to incur substantial expense for attorneys and support staff. Those expenses would also require approval by the bankruptcy court, which at this moment cannot be ensured, and which would erode the bankruptcy estate assets of Alecto and/or Sherman Hospital for a potential recovery by Plaintiff.

      5. Regarding the insurance coverage issues, the Alecto Defendants and the Bankrupt Defendants continue to be involved in ongoing conversations with their insurance companies about potential insurance coverage for certain of Plaintiff's claims. The Parties agree that, optimally, the insurance coverage issues should be resolved before a Rule 16 conference is held or scheduling order is issued. On December 5, 2022, the Alecto Defendants tendered the claims that the United States later asserted in the Complaint against the individual defendants to their primary and excess insurance carriers. With cooperation from the United States, the Alecto Defendants provided a draft complaint to the primary insurance

1  company for its review and consideration on January 22, 2023.  Despite follow-up
2  from the Alecto Defendants with their insurance companies, the primary insurance
3  company did not issue a coverage decision until June 15, 2023.  The coverage
4  letter denied coverage for the claim under the primary policy and under an excess
5  policy issued by the primary insurance company; the other excess policy follows
6  form and the excess carrier would have presumably followed that coverage
7  decision.  The Alecto Defendants disagreed with the primary insurance company's
8  decision to deny coverage under any of the policies and contested the denial.

9      On October 2, 2023, the primary insurance company agreed to withdraw its
10 declination of coverage, but continues to maintain a full reservation of rights
11 pending its ongoing investigation of the claim.  Thus, coverage could still
12 ultimately be denied.

13     With the filing of the $29 million CMS proofs of claim in the Alecto and
14 Sherman Hospital bankruptcies, the United States has informed counsel for the
15 Alecto Defendants that the additional $17 million in claims may also be asserted
16 against the individual defendants, and may thus be subject to insurance coverage.
17 The United States is now planning to file an amended complaint in this Court to
18 assert those additional claims.  Doing so will first require the bankruptcy court to
19 approve stipulations in the two bankruptcy proceedings to lift the stays of litigation
20 against the Bankrupt Defendants to amend the claims against them in this Court.
21 The Alecto Defendants have provided notice of the additional $17 million in
22 claims to its insurance carriers and its insurance carriers are reviewing the notice of
23 additional claims and the potential for coverage under applicable insurance
24 policies.

25     The developments could help facilitate a resolution of this matter without
26 further litigation as the Parties explore the possibility for alternative dispute
27 resolution, which could ultimately facilitate a resolution of this matter while
28 respecting judicial economy.  Moreover, the insurance policies at issue are eroding

policies, meaning insurance money spent on defense costs reduces the amount of money available for potential recovery by Plaintiff. The Parties believe that continuing the stay pending resolution of the bankruptcies and insurance coverage dispute is the most efficient and economical method to resolve this matter at this time, along with the Parties' continuing to file quarterly reports so the Court can evaluate the progress of the bankruptcy and insurance dispute issues relative to the prosecution and needs of this case.

6. Plaintiff, however, reserves the right to move to lift the Court's stay of this case and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States.

7. This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

Dated: November 5, 2024                     UNITED STATES OF AMERICA

                                            By: /s/ John R. Kresse
                                                John R. Kresse
                                                Senior Trial Counsel
                                                United States Department of Justice

                                                Attorneys for Plaintiff United States of America

Dated: November 5, 2024                     MICHAEL BEST & FRIEDRICH LLP

                                            By: /s/ Evan S. Strassberg
                                                 (CA Bar No. 219336)

                                                Attorneys for Defendants Olympja Health Care LLC, Alecto Healthcare Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin

# **ATTESTATION**

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 5, 2024　　　　　　　　UNITED STATES OF AMERICA

By: */s/ John R. Kresse*
　　John R. Kresse, Senior Trial Counsel
　　United States Department of Justice
　　Attorneys for Plaintiff United States
　　of America