BRETT A. SHUMATE
Acting Assistant Attorney General
KIRK T. MANHARDT
Director
MICHAEL J. QUINN
Senior Litigation Counsel
JOHN R. KRESSE
Senior Trial Counsel
STANTON C. MCMANUS
Trial Attorney
Stanton.C.McManus@usdoj.gov
Direct 202-215-4370 / Fax 202-514-9163
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, 7th Floor
Box 875, Ben Franklin Station
Washington, DC 20044-0875
*Attorneys for Plaintiff United States of America*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN,<br><br>Defendants. | Case No. 2:23-cv-01783-ODW-PVC<br><br>**JOINT STATUS REPORT CONCERNING CLAIMS AGAINST DEFENDANTS OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES LLC, SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, AND JEREMY REDIN** |

Plaintiff United States of America ("Plaintiff"), Defendants Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), by and through their undersigned counsel, submit this joint status report as ordered by the Court (Doc. No. 30) in light of the Alecto Defendants' insurance coverage dispute and the bankruptcy filings and consequent automatic stay of this litigation against Defendants Sherman/Grayson Hospital, LLC ("Sherman Hospital") and Alecto Healthcare Services LLC ("Alecto") (collectively, the "Bankrupt Defendants").

1.  As previously reported, on October 20, 2023, Plaintiff dismissed its claims, without prejudice, against Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc., (Doc. No. 35).

2.  Plaintiff and the Alecto Defendants (collectively, the "Parties") reported in prior status reports to the Court, that a continued stay of the litigation was warranted because of (1) the Bankrupt Defendants' ongoing bankruptcy proceedings, along with (2) the Alecto Defendants' ongoing dispute with their insurer.  Since the November 5, 2024 status report, as detailed below, the bankruptcy court has (1) lifted the stay of litigation as to Sherman Hospital and Alecto solely to allow the United States to file an amended complaint in this Court, and (2) the Parties have been negotiating a stipulation to allow Plaintiff to amend its complaint.

3.  Regarding the bankruptcies:

a.  Plaintiff's claims against the Alecto Defendants are significantly impacted by the Alecto and Sherman Hospital bankruptcies.  The Alecto Defendants and the Bankrupt Defendants filed their Answer to the Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023, and June 23, 2023, respectively, which are pending in two separate cases in the United States Bankruptcy Court for

the District of Delaware.  While the same judge presides over both bankruptcies, the cases have different U.S. trustees, and Alecto filed as a Subchapter V debtor, while Sherman Hospital is a liquidating Chapter 11 debtor.  During its bankruptcy, the assets of Sherman Hospital were sold pursuant to an order of the bankruptcy court and the hospital remains in operation, with a pending motion to settle claims and dismiss the bankruptcy case.  Alecto also continues to operate pursuant to its confirmed plan of reorganization, as further described below.

b.  As previously reported, Sherman Hospital's motion to approve a settlement and dismissal of its Chapter 11 case – which was filed in October 2023 and to which multiple objections were filed – remains pending and the Parties cannot predict when Sherman Hospital's bankruptcy will be completed.  In the Alecto bankruptcy, its Small Business Debtor's Plan of Reorganization (the "Plan") became effective on April 19, 2024.  Under the Plan Alecto will make three years' worth of payments to creditors, to conclude potentially by mid-2027. Based on the Plan, the United States expects that it will receive less than 10% of the amount of its claims in this case.  An unsecured creditor's appeal of the order confirming the Plan remains pending, with briefing scheduled to conclude on December 6, 2024.  Since the Parties' previous Joint Status Report of August 5, 2024 (Doc. No. 42), there have been further developments in the bankruptcies:

(1)  In the Alecto bankruptcy, the United States and Alecto jointly filed a stipulation on November 13, 2024, to lift the stay of litigation against Alecto solely to allow the United States to amend the claims against it in this Court, which the bankruptcy court approved by order on that same date, and which the Alecto Defendants did not oppose.

(2)  In the Sherman Hospital bankruptcy, the United States and Sherman Hospital jointly filed a stipulation on October 29, 2024, to lift the stay of litigation against Sherman Hospital solely to allow the United States to amend the claims

against it in this Court, which the bankruptcy court approved by order on November 13, 2024, and which the Alecto Defendants did not oppose.

4.  Regarding discovery in this case:

a.  On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22).  On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23).  As a result, a scheduling order has not been issued.  Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

b.  The Parties agreed that necessary discovery – most importantly from Alecto – could not occur without permission from the bankruptcy court. Specifically, although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto's or Sherman Hospital's documents for conducting business, the bankruptcy stay does not allow production of Alecto's or Sherman Hospital's documents in this litigation before this Court.  Additionally, production of documents in the bankruptcies would require the Bankrupt Defendants to incur substantial expense for attorneys and support staff.  Those expenses would also require approval by the bankruptcy court, which at this moment cannot be ensured, and which would erode the bankruptcy estate assets of Alecto and/or Sherman Hospital for a potential recovery by Plaintiff.

5.  Regarding the insurance coverage issues, the Alecto Defendants and the Bankrupt Defendants continue to be involved in ongoing conversations with their insurance companies about potential insurance coverage for certain of Plaintiff's claims.  The Parties agree that, optimally, the insurance coverage issues should be

resolved before a Rule 16 conference is held or scheduling order is issued.  On December 5, 2022, the Alecto Defendants tendered the claims that the United States later asserted in the Complaint against the individual defendants to their primary and excess insurance carriers. With cooperation from the United States, the Alecto Defendants provided a draft complaint to the primary insurance company for its review and consideration on January 22, 2023.  Despite follow-up from the Alecto Defendants with their insurance companies, the primary insurance company did not issue a coverage decision until June 15, 2023.  The coverage letter denied coverage for the claim under the primary policy and under an excess policy issued by the primary insurance company; the other excess policy follows form and the excess carrier would have presumably followed that coverage decision.  The Alecto Defendants disagreed with the primary insurance company's decision to deny coverage under any of the policies and contested the denial.

On October 2, 2023, the primary insurance company agreed to withdraw its declination of coverage, but continues to maintain a full reservation of rights pending its ongoing investigation of the claim.  Thus, coverage could still ultimately be denied.

With the December 2023 filings of the $29 million CMS proofs of claim in the Alecto and Sherman Hospital bankruptcies, the United States informed counsel for the Alecto Defendants that the additional $17 million in claims may also be asserted against the individual defendants, and may thus be subject to insurance coverage.  The United States is now planning to file an amended complaint in this Court to assert those additional claims, which is no longer prevented by the stays of litigation against the Bankrupt Defendants.  The Alecto Defendants have provided notice of the additional $17 million in claims to its insurance carriers and its insurance carriers are reviewing the notice of additional claims and the potential for coverage under applicable insurance policies.

The developments could help facilitate a resolution of this matter without further litigation as the Parties explore the possibility for alternative dispute resolution, which could ultimately facilitate a resolution of this matter while respecting judicial economy.  Moreover, the insurance policies at issue are eroding policies, meaning insurance money spent on defense costs reduces the amount of money available for potential recovery by Plaintiff.  The Parties believe that continuing the stay pending resolution of the bankruptcies and insurance coverage dispute is the most efficient and economical method to resolve this matter at this time, along with the Parties' continuing to file quarterly reports so the Court can evaluate the progress of the bankruptcy and insurance dispute issues relative to the prosecution and needs of this case.

6.  Plaintiff, however, reserves the right to move to lift the Court's stay of this case and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States.

7.  This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

Dated:  February 5, 2025                    UNITED STATES OF AMERICA

                                            By:  _/s/ Stanton C. McManus_
                                                 Stanton C. McManus
                                                 Trial Attorney
                                                 United States Department of Justice

                                                 Attorneys for Plaintiff United States
                                                 of America

Dated:  February 5, 2025                    MICHAEL BEST & FRIEDRICH LLP

                                            By:  _/s/ Evan S. Strassberg_
                                                 (CA Bar No. 219336)

                                                 Attorneys for Defendants Olympja
                                                 Health Care LLC, Alecto Healthcare

Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin

## **ATTESTATION**

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 5, 2025

UNITED STATES OF AMERICA

By: */s/ Stanton C. McManus*
Stanton C. McManus, Trial Attorney
United States Department of Justice
Attorneys for Plaintiff United States of America