BRETT A. SHUMATE
Assistant Attorney General
KIRK T. MANHARDT
Director
MICHAEL J. QUINN
Senior Litigation Counsel
Direct 202-598-5225 / Fax 202-514-9163
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, 7th Floor
Box 875, Ben Franklin Station
Washington, DC 20044-0875
*Attorneys for Plaintiff United States of America*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN,<br><br>Defendants. | Case No. 2:23-cv-01783-ODW-PVC<br><br>**JOINT STATUS REPORT CONCERNING CLAIMS AGAINST DEFENDANTS OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES LLC, SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, AND JEREMY REDIN** |

Plaintiff United States of America ("Plaintiff"), Defendants Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), by and through their undersigned counsel, submit this 90-day joint status report as ordered by the Court (Doc. No. 30) in light of the Alecto Defendants' insurance coverage dispute and the bankruptcy filings and consequent automatic stay of this litigation against Defendants Sherman/Grayson Hospital, LLC ("Sherman Hospital") and Alecto Healthcare Services LLC ("Alecto") (collectively, the "Bankrupt Defendants").

## Background

1. On October 20, 2023, Plaintiff dismissed its claims, without prejudice, against Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc., (Doc. No. 35).

2. Plaintiff and the Alecto Defendants (collectively, the "Parties") reported in prior status reports to the Court, that a continued stay of the litigation was warranted because of (1) the Bankrupt Defendants' ongoing bankruptcy proceedings, along with (2) the Alecto Defendants' ongoing dispute with their insurer. On November 13, 2024, the bankruptcy court (1) lifted the stay of litigation as to Sherman Hospital and Alecto solely to allow the United States to file an amended complaint in this Court subject to the terms and conditions set forth in the stipulation and order, and (2) the Parties have been negotiating a stipulation to allow Plaintiff to amend its complaint.

3. Regarding the bankruptcies:

   a. As detailed in prior status reports, Plaintiff's claims against the Alecto Defendants are significantly impacted by the Alecto and Sherman Hospital bankruptcies. The Alecto Defendants and the Bankrupt Defendants filed their Answer to the Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023,

2

and June 23, 2023, respectively, and the two separate cases are still pending in the United States Bankruptcy Court for the District of Delaware. While the same judge presides over both bankruptcies, the cases have different U.S. trustees, and Alecto filed as a Subchapter V debtor, while Sherman Hospital is a liquidating Chapter 11 debtor. During its bankruptcy, the assets of Sherman Hospital were sold pursuant to an order of the bankruptcy court, and the hospital remains in operation, with a pending motion to settle claims and dismiss the bankruptcy case. Alecto also continues to operate pursuant to its confirmed plan of reorganization, as further described below.

  b. As previously reported, Sherman Hospital's motion to approve a settlement and dismissal of its Chapter 11 case – which was filed in October 2023 and to which multiple objections were filed – remains pending and the Parties cannot predict when Sherman Hospital's bankruptcy will be completed. In the Alecto bankruptcy, its Small Business Debtor's Plan of Reorganization (the "Plan") became effective on April 19, 2024. Under the Plan Alecto will make three years' worth of payments to creditors, to conclude potentially by mid-2027. Based on the Plan, the United States expects that it will receive less than 10% of the amount of its claims in this case.

  c. In the Alecto bankruptcy, the United States and Alecto jointly filed a stipulation on November 13, 2024, to lift the stay of litigation against Alecto solely to allow the United States to amend the claims against it in this Court subject to the terms and conditions set forth in the stipulation and order, which the bankruptcy court approved by order on that same date, and which the Alecto Defendants did not oppose.

  d. In the Sherman Hospital bankruptcy, the United States and Sherman Hospital jointly filed a stipulation on October 29, 2024, to lift the stay of litigation against Sherman Hospital solely to allow the United States to amend the claims against it in this Court subject to the terms and conditions set forth in the

3

stipulation and order, which the bankruptcy court approved by order on November 13, 2024, and which the Alecto Defendants did not oppose.

4. Regarding discovery in this case:

a. On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22). On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23). As a result, a scheduling order has not been issued. Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

b. The Parties agreed that necessary discovery – most importantly from Alecto – could not occur without permission from the bankruptcy court. Specifically, although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto's or Sherman Hospital's documents for conducting business, the bankruptcy stay does not allow production of Alecto's or Sherman Hospital's documents in this litigation before this Court. Additionally, production of documents in the bankruptcies would require the Bankrupt Defendants to incur substantial expense for attorneys and support staff. Those expenses would also require approval by the bankruptcy court, which at this moment cannot be ensured, and which would erode the bankruptcy estate assets of Alecto and/or Sherman Hospital for a potential recovery by Plaintiff.

5. Regarding the insurance coverage issues, the Alecto Defendants (including the Bankrupt Defendants) continue to be involved in ongoing conversations with their insurance companies about potential insurance coverage for certain of Plaintiff's claims. The Parties agree that, optimally, the insurance coverage issues

4

should be resolved before a Rule 16 conference is held or scheduling order is issued. On December 5, 2022, the Alecto Defendants tendered the claims that the United States later asserted in the Complaint against the individual defendants to their primary and excess insurance carriers. With cooperation from the United States, the Alecto Defendants provided a draft complaint to the primary insurance company for its review and consideration on January 22, 2023. Despite follow-up from the Alecto Defendants with their insurance companies, the primary insurance company did not issue a coverage decision until June 15, 2023. The coverage letter denied coverage for the claim under the primary policy and under an excess policy issued by the primary insurance company; the other excess policy follows form, and the excess carrier would have presumably followed that coverage decision. The Alecto Defendants disagreed with the primary insurance company's decision to deny coverage under any of the policies and contested the denial.

On October 2, 2023, the primary insurance company agreed to withdraw its declination of coverage but continues to maintain a full reservation of rights pending its ongoing investigation of the claim. Thus, coverage could still ultimately be denied.

With the December 2023 filings of the $29 million CMS proofs of claim in the Alecto and Sherman Hospital bankruptcies, the United States informed counsel for the Alecto Defendants that the additional $17 million in claims may also be asserted against the individual defendants and may thus be subject to insurance coverage. The Alecto Defendants dispute the additional $17 million in claims but have provided notice of the additional $17 million in claims to their insurance carriers and those insurance carriers are reviewing the notice of additional claims and the potential for coverage under applicable insurance policies.

Developments Since the Parties' September 12, 2025, Status Report

6. Since the last joint status report in September, there have been no significant changes in the status of this case. Nearly half this period occurred during the lapse in federal appropriations that led to the government shutdown, and assigned counsel for the United States was furloughed. Also, the anticipated allowance of the government's claims in the related bankruptcy cases, summarized below, have not yet occurred. In the government's view, allowance of the claims in the bankruptcy are a prerequisite for its next steps toward resolving this case.

7. As described in the last joint status report, filed in September, Plaintiff has diligently examined ways to remove the obstacles to proceeding with this case. Plaintiff asserts that the automatic bankruptcy stays must be lifted to allow any amendments to the claims in this case. Defendants disagree with Plaintiff's assertion. Plaintiff has conferred with the Bankrupt Defendants regarding a possible resolution of Plaintiff's claims against the Bankrupt Defendants through their respective bankruptcy cases, as well as obtaining relief from the automatic bankruptcy stay in each case to permit amendment of the Complaint in this case. Plaintiff has discussed lift stay stipulations for this purpose with the Bankrupt Defendants and is prepared to file motions requesting relief from the automatic bankruptcy stay if such stipulations cannot be obtained in the near future. The Bankrupt Defendants reserve the right to object to any motion to lift the stay in the bankruptcy cases. If Plaintiff's approach proves feasible, and the bankruptcy stays are lifted, Plaintiff presently intends to then request a lift of the stay in this case and leave from this Court to file an amended complaint that would, in effect, dismiss all the Bankrupt Defendants and all non-bankrupt corporate affiliates from this action, leaving only the three individual Defendants. If such an amended complaint is accepted by the Court, the remaining parties will confer and propose a discovery schedule and/or otherwise confer about possible settlement.

8. The Bankrupt Defendants have discussed resolution of the Plaintiff's claims in the bankruptcy case and do not believe lift stay stipulations or motions are necessary because, consistent with the stipulations and orders already entered in the Bankruptcy Cases, the Bankrupt Defendants believe Plaintiff can amend its claims against the non-bankrupt defendants without asserting claims against the Bankrupt Defendants and, if Plaintiff desires, can simply dismiss the Bankrupt Defendants by way of stipulation. The Bankrupt Defendants reserve the right to object to any motion to lift the stay in the bankruptcy cases. Plaintiff's contemplated amendment would significantly narrow the claims to be adjudicated here, while adding the $17 million claim for new debts described above against the remaining individual Defendants.

9. Notwithstanding the contemplated approach described above, Plaintiff reserves the right to move to lift the Court's stay of this case and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States. Defendants reserve the right to object to any request to lift the stay in this case as well as to any proposed amendment to the Complaint in this case.

10. This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

Dated: December 11, 2025

UNITED STATES OF AMERICA

By: */s/ Michael J. Quinn*
    Michael J. Quinn
    Senior Litigation Counsel
    United States Department of Justice
    Attorneys for Plaintiff United States of America

| | | |
|---|---|---|
| 1 | Dated: September 12, 2025 | MICHAEL BEST & FRIEDRICH LLP |
| 2 | | By: */s/ Evan S. Strassberg* |
| | | (CA Bar No. 219336) |
| 3 | | |
| 4 | | Attorneys for Defendants Olympja Health Care LLC, Alecto Healthcare Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin |

**ATTESTATION**

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| Dated: September 12, 2025 | | UNITED STATES OF AMERICA |
| | | By: */s/ Michael J. Quinn* |
| | | Michael J. Quinn |
| | | Senior Litigation Counsel |
| | | United States Department of Justice |
| | | Attorneys for Plaintiff United States of America |

8