BRETT A. SHUMATE
Assistant Attorney General
MARCUS S. SACKS
Deputy Director
MARY SCHMERGEL
Assistant Director
LYDIA J. JINES
MICHAEL TYE
Trial Attorneys
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, 7th Floor
Box 875, Ben Franklin Station
Washington, DC 20044-0875
*Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cv-01783-ODW-PVC |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| OLYMPIA HEALTH CARE LLC, ALECTO HEALTHCARE SERVICES, LLC, MPT OF LOS ANGELES, L.P., MPT OF OLYMPIA, LLC, MPT OPERATING PARTNERSHIP, L.P., MEDICAL PROPERTIES TRUST, INC., SHERMAN/GRAYSON HOSPITAL, LLC, ALECTO HEALTHCARE SERVICES SHERMAN, LLC, LAXMAN REDDY, MATTHEW WILLIAMS, and JEREMY REDIN, | |
| Defendants. | |

Plaintiff, United States of America ("Plaintiff"), and Defendants, Alecto Healthcare Services, LLC ("Alecto"), Sherman/Grayson Hospital, LLC ("Sherman Hospital"), Olympia Health Care LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin (collectively the "Alecto Defendants"), by and through their undersigned counsel, submit this joint status report as ordered by the Court (Doc. No. 30) in light of the Alecto Defendants' insurance coverage dispute and the bankruptcy filings and consequent automatic stay of this litigation against Defendants Sherman Hospital and Alecto (collectively, the "Bankrupt Defendants").

## Background

1.     On October 20, 2023, Plaintiff dismissed its claims, without prejudice, against Defendants MPT of Los Angeles, L.P., MPT of Olympia, LLC, MPT Operating Partnership, L.P., and Medical Properties Trust, Inc., (Doc. No. 35).

2.     Regarding the bankruptcies:

a.     As detailed in prior status reports, Plaintiff's claims against the Alecto Defendants are significantly impacted by the Alecto and Sherman Hospital bankruptcies.  The Alecto Defendants and the Bankrupt Defendants filed their Answer to the Complaint on May 11, 2023, over a month before Alecto and Sherman Hospital filed separate Chapter 11 bankruptcy petitions on June 16, 2023, and June 23, 2023, respectively, and the two separate cases are still pending in the United States Bankruptcy Court for the District of Delaware.  While the same Judge presides over both bankruptcies, the cases have different U.S. trustees, and Alecto filed as a Subchapter V debtor, while Sherman Hospital is a liquidating Chapter 11 debtor.

b.     The United States filed timely proofs of claim in the Alecto and Sherman Hospital bankruptcies, which included both the claims included in the District Court Complaint, $11,059,170.17 in principal, plus $1,421,027.62 in

2

interest, as well as further debts owed by the Bankrupt Defendants in the amount of $15,688,552.58, plus interest, for a total of $29,127,352.26.

c.      In the Alecto bankruptcy, its Small Business Debtor's Plan of Reorganization (the "Plan") became effective on April 19, 2024.  Alecto continues to operate pursuant to its confirmed plan of reorganization.  Under the Plan, Alecto will make three years' worth of payments to creditors, to conclude potentially by mid-2027.  Based on the Plan, the United States expects that it will receive less than 10% of the amount of its claims in this case.  The United States and Alecto jointly filed a stipulation on November 13, 2024, to lift the stay of litigation against Alecto solely to allow the United States to add additional claim amounts to bring the District Court case claims into alignment with the amount in the proof of claim filed in the Alecto bankruptcy, subject to the terms and conditions set forth in the stipulation and order, including a prohibition on any new theories of recovery or claim amount beyond that in the proof of claim, which the bankruptcy court approved by order on that same date, and which the Alecto Defendants did not oppose.

d.      During its bankruptcy, the assets of Sherman Hospital were sold pursuant to an order of the bankruptcy court, and the hospital remains in operation, with a pending motion to settle claims and dismiss the bankruptcy case. Sherman Hospital's motion to approve a settlement and dismissal of its Chapter 11 case – which was filed in October 2023 and to which multiple objections were filed – remains pending and the Parties cannot predict when Sherman Hospital's bankruptcy will be completed.  In the Sherman Hospital bankruptcy, the United States and Sherman Hospital jointly filed a stipulation on October 29, 2024, to lift the stay of litigation against Sherman Hospital solely to add additional claim amounts to bring the District Court case claims into alignment with the amount in the proof of claim filed in the Sherman Hospital bankruptcy, subject to the terms and conditions set forth in the stipulation and order, which the bankruptcy court

approved by order on November 13, 2024, and which the Alecto Defendants did not oppose.

3.      Regarding discovery in this case:

a.      On June 23, 2023, Plaintiff filed the Parties' first stipulation to extend time for the scheduling conference through September 18, 2023 (Doc. No. 22). On June 26, 2023, the Court entered its Order granting the parties' stipulation for continuance of the scheduling conference (Doc. No. 23). As a result, a scheduling order has not been issued. Plaintiff continues to analyze and evaluate the impact of the bankruptcies on its claims against the Alecto Defendants, including the effect of the automatic stay on Plaintiff's ability to conduct discovery of information in Alecto's custody and control, which necessarily hinders the ability to effectively meet with the Parties' counsel, prepare a report to the court, and prepare for and participate in a scheduling conference in court.

b.      The Parties agreed that necessary discovery – most importantly from Alecto – could not occur without permission from the bankruptcy court. Specifically, although the individual defendants Laxman Reddy, Matt Williams and Jeremy Redin may have access to Alecto's or Sherman Hospital's documents for conducting business, the bankruptcy stay does not allow production of Alecto's or Sherman Hospital's documents in this litigation before this Court. Additionally, production of documents in the bankruptcies would require the Bankrupt Defendants to incur substantial expenses for attorneys and support staff. Those expenses would also require approval by the bankruptcy court, and would erode the bankruptcy estate assets of Alecto and/or Sherman Hospital for a potential recovery by Plaintiff.

c.      The Bankrupt Defendants obtained an order from the Bankruptcy Court lifting the automatic stay to allow the Bankrupt Defendants to access the proceeds of insurance policies in connection with this District Court action. The Bankruptcy Court also issued an order approving the stipulation

between Plaintiff and Alecto allowing the United States' claim in the Alecto bankruptcy and permitting the United States to dismiss Alecto as a Defendant in this Court (if deemed appropriate).

4.  Regarding the insurance coverage issues:

a.  The Parties agree that, optimally, the insurance coverage issues should be resolved before a Rule 16 conference is held or scheduling order is issued.

b.  With the December 2023 filings of the $29 million CMS proofs of claim in the Alecto and Sherman Hospital bankruptcies, the United States informed counsel for the Alecto Defendants that the additional $17 million in claims may also be asserted against the individual defendants and may thus be subject to insurance coverage.  The Alecto Defendants dispute the additional $17 million in claims but have provided notice of the additional $17 million in claims to their insurance carriers and those insurance carriers are reviewing the notice of additional claims and the potential for coverage under applicable insurance policies.

Developments Since the Parties' March 11, 2026, Status Report

5.  Since the last joint status report in March, the United States Trustee filed a motion to convert Sherman Hospital's chapter 11 case to a chapter 7 bankruptcy.  On June 4, 2026, Sherman Hospital filed a response to the Trustee's motion, which creditors AHS Sherman LLC and American Healthcare Systems Corp., Inc., and the Official Committee of Unsecured Creditors joined.  A hearing on the Motion has been set for June 9, 2026.

6.  Plaintiff asserts that the automatic bankruptcy stays must be lifted to allow any amendments to the Complaint in this case.  Now that the Bankruptcy Court has, subject to the terms and conditions of the stipulation between the United States and Alecto, lifted the bankruptcy stays to allow the United States to bring the District Court claims in alignment with the amount of in the proofs of claim

and to dismiss Bankrupt Defendants, Plaintiff presently intends to request a lift of the stay in this case and leave from this Court to file an amended complaint that would, in effect, dismiss all the Bankrupt Defendants and nearly all non-bankrupt corporate affiliates from this action, leaving only Olympia and the three individual Defendants.  Plaintiff continues to work on a draft amended complaint.  If such an amended complaint is accepted by the Court, the remaining parties will confer and propose a discovery schedule and/or otherwise confer about possible settlement.

7.     Alecto Defendants have not received a proposed amended complaint for their review and, accordingly have no current position on the Government's proposed amendment. However, Alecto Defendants agree that once these procedural issues are resolved, the parties desire to confer on a discovery schedule and possible settlement.

8.     Notwithstanding the contemplated approach described above, Plaintiff reserves the right to move to lift the Court's stay of this case and resume litigation if Plaintiff, in its sole discretion, determines that resolution of the bankruptcies or the insurance coverage dispute is no longer in the best interest of the United States. Defendants reserve the right to object to any request to lift the stay in this case as well as to any proposed amendment to the Complaint in this case.

9.     This joint status report is made in good faith and not for the purpose of delay or for any other improper purpose.

UNITED STATES OF AMERICA

Dated: June 9, 2026

By: */s/ Lydia J. Jines*
LYDIA J. JINES
Trial Attorney
United States Department of Justice

Attorney for Plaintiff United States of America

Dated: June 9, 2026

MICHAEL BEST & FRIEDRICH LLP

By: */s/ Evan S. Strassberg*

(CA Bar No. 219336)

Attorneys for Defendants Olympia Health Care LLC, Alecto Healthcare Services, LLC, Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Sherman, LLC, Laxman Reddy, Matthew Williams, and Jeremy Redin

## ATTESTATIONE

In accord with Local Civil Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 9, 2026

UNITED STATES OF AMERICA

By: */s/ Lydia J. Jines*

LYDIA J. JINES

7